UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIBEL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMING PARTNERS INTERNATIONAL CORPORATION and GUILFORD MILLS, INC., <br><br> Defendants. | Case No. 09-cv-87-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gaming Partners International Corporation's (hereinafter "GPIC") Motion to Dismiss (Doc. 32). Plaintiff Sibel Products, Inc. (hereinafter "Sibel") filed a Response (Doc. 41), to which GPIC filed a Reply (Doc. 44). In its motion, GPIC seeks dismissal of Count I, requesting injunctive relief, and Count II, alleging breach of contract, of Sibel's Second Amended Complaint (Doc. 25).

**BACKGROUND**

For purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The Court, accepting all of Sibel's allegations as true and drawing all reasonable inferences in its favor, finds as follows:

**I.      Facts**

On November 3, 2005, Sibel and GPIC entered into an Exclusive Supply Agreement (hereinafter "ESA"), whereby Sibel was to supply certain cloth to GPIC for gaming table layouts. Sibel obtained the cloth through a separate agreement with Defendant Guilford Mills, Inc.

(hereinafter "Guilford"), which Sibel then treated so that it could be used for GPIC's purposes. Under the ESA, GPIC was to order certain quantities and varieties of cloth at set prices from Sibel on a monthly basis for five years. An addendum to the ESA was signed by Sibel and GPIC on June 18, 2008, which, *inter alia*, amended the purchasing requirements of GPIC and extended the parties' agreement until 2013.

Neither the ESA nor the addendum provided specific terms for time of payment of purchase orders made by GPIC. However, over the course of their eight-year business relationship, Sibel required that GPIC prepay for each purchase order made, which it always did. Sibel contends that this conduct represented "course of performance", "course of dealing", and/or "usage of trade", as those terms are defined in the Illinois Uniform Commercial Code (hereinafter "UCC").

In late 2008, GPIC suddenly refused to prepay Sibel for the cloth and eventually terminated the ESA and addendum thereto. GPIC's unilateral termination of the ESA and addendum stemmed from its decision to purchase cloth directly from Guilford. Put another way, GPIC and Guilford had cut Sibel out as the middleman.

## II.   Procedural Posture

GPIC removed this case on January 30, 2009, on grounds of diversity jurisdiction and has been eager to see much of Sibel's case dismissed by this Court. The instant motion to dismiss represents the third such motion filed by GPIC in this case. GPIC's earlier motions to dismiss, which the Court eventually denied as moot, were directed at previous incarnations of Sibel's complaint.[1]  (*See* Doc. 21; Doc. 28).

---

[1] The filing of Sibel's (First) Amended Complaint (Doc. 17) was proper, as it was made prior to the service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(A). Sibel's Second

## ANALYSIS

**I.      Motions to Dismiss Generally**

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). It is not necessary for the complaint to allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). In fact, under federal notice pleading standards, a plaintiff need not plead facts to support each element of a claim or theory as long as he puts the defendant fairly on notice of what his claim is. *See Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002); *Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994) (a plaintiff is not required to "plead facts that, if true, establish each element of a 'cause of action' . . . .").

Nevertheless, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary

---

Amended Complaint (Doc. 25) was also proper, as the Court, in a previous Order (Doc. 24), granted Sibel the requisite leave to file. *See* Fed. R. Civ. P. 15(a)(2).

support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

As aforesaid, GPIC's motion targets Count I, requesting injunctive relief, and Count II, alleging breach of contract, of Sibel's most recent complaint. Due to the nature of the counts and their interdependency, the Court will be addressing the latter first.

## II.     Count II - Breach of Contract

In the case at bar, the heart of GPIC's motion to dismiss Count II is that Sibel failed to allege its performance under the ESA (i.e. all conditions precedent to GPIC's performance had been fulfilled) and damages resulting from the alleged breach, thereby necessitating dismissal of its breach of contract count. Specifically, Sibel points to Illinois case law, where "to state a cause of action for breach of contract a plaintiff must show (1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Hickox v. Bell*, 552 N.E.2d 1133, 1143 (Ill. App. Ct. 1990); *see also Klem v. Mann*, 665 N.E.2d 514, 518 (Ill. App. Ct. 1996).

However, in making such an argument, it appears that GPIC has forgotten that, due to its own removal, it is now in federal court. "It is rudimentary that pleading requirements in the federal courts 'are governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to be sitting.'" *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1204 (3d ed. West 2009)); *Hanna v. Plumer*, 380 U.S. 460, 465 (procedural requirements in federal court are governed by federal procedural law); *see also Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 903 (7th Cir. 2007). And, pursuant to *Shah, Sanjuan*, and similar precedent, plaintiffs in federal court need not allege facts that support every element of a cause of

4

action.[2]  With this standard in mind, the Court is satisfied with the current incarnation of Count II.  Its drafting appropriately places GPIC on notice of Sibel's breach of contract claim, as the contract and alleged terms and breach at issue are obvious.[3]  Moreover, GPIC does not dispute that it has been placed on notice of said claim by Sibel.  The Court's analysis need not progress further due to Count II's obvious fulfillment of federal notice pleading requirements.[4]

### III. Count I - Injunctive Relief

GPIC also moved to dismiss Count I, concerning injunctive relief, of Sibel's second amended complaint.  Following a limited hearing on November 13, 2009, the Court denied Sibel's Motion for Preliminary Injunction (Doc. 26).  (*See* Doc. 57).  However, Count I seeks more generalized injunctive relief, including "a permanent injunction requiring [GPIC] to continue prepayment for orders of cloth pursuant to the terms of the [ESA] between the parties

---

[2] Of course, this is a far cry from the fact pleading required by Illinois courts, where "a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Rodriguez v. Ill. Prisoner Review Bd.*, 876 N.E.2d 659, 664 (Ill. App. Ct. 2007); *see also Beahringer v. Page*, 789 N.E.2d 1216, 1221 (Ill. 2003).

[3] And, as GPIC willingly admits, Sibel's alleged damages are included in its prayer for relief.

[4] This is not to say that Illinois law will not represent the substantive law to be applied in this case.  The Court notes that the ESA contained a choice-of law clause stating that "th[e] agreement shall be governed by and construed under the laws of the State of Illinois."  (Doc. 25, Exh. A., ¶ 8).  "Illinois respects a contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois'[] fundamental public policy."  *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 705 (7th Cir. 2004).  Neither Sibel nor GPIC have argued that the ESA is invalid or contrary to Illinois' public policy.  Moreover, Sibel's status as an Illinois corporation with its principal place of business in said state lends credence to the choice-of-law clause's validity.  Accordingly, if the Court must later address substantive issues in this case, it will be employing Illinois jurisprudence in its analysis.

and course of performance and course of dealing for the duration of the [ESA] and [a]ddendum thereto."  (Doc. 25, p. 6, ¶ A).  While Count I and Count II allege the same basic wrongdoing (i.e. GPIC's breach of the ESA), the two simply diverge in their prayer for relief,[5] as is best evidenced in Sibel's naming of Count II ("Breach of Contract (*In the Alternative*)").  (Doc. 25, p. 6) (emphasis added).  In light of the fact that the breach of contract claim will press onward, a ruling on Count I is best saved for concurrent or subsequent disposition to Count II.  Accordingly, the Court **RESERVES RULING** on the motion to dismiss Count I.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** GPIC's renewed Motion to Dismiss (Doc. 32) insofar as it seeks dismissal of Count II ("Breach of Contract") of Sibel's Second Amended Complaint (Doc. 25).  The Court **RESERVES RULING** on the motion insofar as it seeks dismissal of Count I ("Injunctive Relief").  Further, the Court **ORDERS that GPIC respond to Count III** ("Tortious Interference with Prospective Economic Advantage") **no later than January 22, 2010**.

**IT IS SO ORDERED.**
DATED: December 23, 2009

                                                              s/ J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**

---

[5] While the former turns to the Court's equitable powers, the latter seeks a legal remedy.