UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIBEL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMING PARTNERS INTERNATIONAL CORPORATION and GUILFORD MILLS, INC., <br><br> Defendants. | Case No. 09-cv-87-JPG |
| GAMING PARTNERS INTERNATIONAL CORPORATION, <br><br> Counter Claimant, <br><br> v. <br><br> SIBEL PRODUCTS, INC., <br><br> Counter Defendant. | Case No. 09-cv-87-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Gaming Partner International Corporation's ("GPIC") Motion (Doc. 82) for leave to a file a motion for summary judgment. Specifically, GPIC seeks to move for summary judgment on its recent counterclaim against Plaintiff Sibel Products, Inc. ("Sibel").

The Court should not and will not allow GPIC to file its motion for a number of reasons. First and foremost, this matter is firmly set for bench trial on March 1, 2010, a mere ten days away. If the Court were to allow GPIC's filing with a full briefing schedule, the trial date would need to be continued at least 45 days. And, of course, to avoid further continuance, the Court

would need to set aside the pending motions in other matters and give GPIC's request its immediate attention. Both Sibel and GPIC were apprised of this Court's "rocket docket" (Doc. 76, p. 57, lines 15-16) at the preliminary injunction hearing. The parties were even reminded of the firmness of the trial date at the recent final pretrial conference. The Court will stand by its expeditiousness, of which the parties were well-aware.

Further, Local Rule 7.1(f) requires that summary judgment motions be filed no later than 100 days before the first day of the presumptive trial month. While the Court acknowledges this case's unique procedural posture, its posture is not so unique as to allow dispositive motions to be filed on the eve of trial. GPIC makes much ado about the fact that Sibel just filed the operative Complaint (Doc. 64), its third amended complaint, on January 18, 2010. However, pursuant to the Court's Memorandum and Order (Doc. 63) of January 4, 2010, wherein the Court granted Sibel leave to file said complaint, the complaint's third amendment was limited to a re-titling of the tort alleged in Count IV.[1] And, it cannot be ignored that Count IV, regardless of its titling, was directed at Defendant Guilford Mills, Inc., not GPIC. Put another way, GPIC was fully aware of the claims against it when Sibel filed its second amended Complaint (Doc. 25) on July 27, 2009.

Similar logic applies to GPIC's argument concerning the expedited discovery schedule in this case. While the Court acknowledges that recent depositions may have directly led to GPIC's counterclaim and that Federal Rule of Civil Procedure 56(c)(1)(A) permits summary

---

[1] Specifically, the Court allowed Sibel to replace the titling and prayer for relief of Count IV, alleging "tortious interference with prospective economic advantage," with "tortious interference with a contractual/business relationship."

judgment motions up to 30 days after discovery's close,[2] the belatedness of the motion sought to be filed cannot be ignored.

Finally, and perhaps most importantly, the Court has skimmed GPIC's summary judgment motion, and it offers no new developments in the law or facts to necessitate an immediate ruling.  Its merits, like those of Sibel's several claims, will best be decided at trial.

For the foregoing reasons, the Court **DENIES** the instant motion (Doc. 82).

**IT IS SO ORDERED.**
**DATED: February 19, 2010**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**

---

[2] A finite discovery date was apparently never set in this matter.