UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIBEL PRODUCTS, INC., | |
| Plaintiff, | |
| v. | Case No. 09-cv-87-JPG |
| GAMING PARTNERS INTERNATIONAL CORPORATION and GUILFORD MILLS, INC., | |
| Defendants, | |
| GAMING PARTNERS INTERNATIONAL CORPORATION, | |
| Counter Claimant, | |
| v. | Case No. 09-cv-87-JPG |
| SIBEL PRODUCTS, INC., | |
| Counter Defendant. | |

## MEMORANDUM & ORDER

This matter came before the Court on a non-jury trial held before the undersigned on March 22 and 23, 2010, Plaintiff Sibel Products, Inc. ("Plaintiff") being represented by Henry Villani, Defendant Gaming Partners International Corporation and Gaming Partners International USA, Inc. (collectively "Gaming Partners") being represented by Francis Citera and Kimberly Deshano, and Defendant Guilford Mills, Inc. ("Guilford Mills") being represented by Robert King.

Having considered all evidence offered by Plaintiff as to Guilford Mills, and the Court having determined that Plaintiff failed to present evidence of all elements of its claim in Count IV of the Third Amended Complaint (Doc. 64) against Guilford Mills, the Court hereby makes the following findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure 52.

## FINDINGS OF FACT

1. Plaintiff asserted, in its Third (and final) Amended Complaint, three claims against Gaming Partners: "Injunctive Relief"; "Breach of Contract"; and "Tortious Interference with Prospective Business Advantage". The breach of contract claimed by Plaintiff was that Gaming Partners "refus[ed] to prepay Plaintiff for cloth pursuant to the [parties'] Agreement".

2. Plaintiff asserted in its Third Amended Complaint a single claim against Guilford Mills, Count IV for "Tortious Interference with a Contractual/Business Relationship". Specifically, Plaintiff alleged that Guilford Mills interfered with the contract that existed between Plaintiff and Gaming Partners.

3. In its Third Amended Complaint, Plaintiff alleged three actions by Guilford Mills that Plaintiff contended were acts of tortious interference with the contract between Plaintiff and Gaming Partners: an agreement by Guilford Mills to supply that certain fabric to Gaming Partners that was the subject of the contract between Plaintiff and Gaming Partners; the refusal of Guilford Mills to renew its supply contract with Plaintiff; and the refusal of Guilford Mills to supply fabric to Plaintiff after December 2008.

4. In the trial of this matter, Plaintiff introduced the testimony of Debbie Seibert and

Michael Seibert. Ms. Seibert provided bookkeeping services for Plaintiff, and Mr. Seibert is the President of Plaintiff. During the course of the testimonies of these two witnesses, Plaintiff introduced numerous exhibits.

5. At the conclusion of the direct, cross, redirect, and re-cross examinations of Mr. Seibert, the Court inquired of Plaintiff's counsel as to whether Plaintiff intended to offer additional evidence relating to the claims against Guilford Mills. Plaintiff's counsel informed the Court that no such additional evidence would be offered.

6. Plaintiff offered no evidence that Guilford Mills induced Gaming Partners to breach any contract with Plaintiff.

7. Plaintiff offered no evidence that Guilford Mills offered to sell fabric to Gaming Partners prior to Gaming Partners' alleged breach of its contract with Plaintiff. To the contrary, Plaintiff originally sued Gaming Partners on January 22, 2009, and alleged at that time the same breach of contract that was alleged in the Third Amended Complaint; i.e., that Gaming Partners refused to prepay for product. In their jointly-submitted Final Pretrial Order (Doc. 80), the parties agreed that Gaming Partners and Guilford Mills did not communicate regarding the sale of Guilford Mills fabric directly to Gaming Partners until after this action was filed on January 22, 2009.

8. On cross-examination, Mr. Seibert admitted that he had no admissible evidence that Guilford Mills and Gaming Partners had communicated regarding the sale of Guilford Mills fabric directly to Gaming Partners prior to this action being instituted on January 22, 2009.

9. On cross-examination, Mr. Seibert admitted that Guilford Mills was under no obligation to renew the contract between Plaintiff and Guilford Mills, which had expired in June 2008.

10. On cross-examination, Mr. Seibert admitted that Guilford Mills refused to sell additional fabric to Plaintiff after December 2008 because Plaintiff was past due on its payments to Guilford Mills and owed Guilford Mills in excess of $180,000.  Mr. Seibert confirmed that such amount remains unpaid as of the date of the trial in this matter.

## CONCLUSIONS OF LAW

1. The claims in this matter are governed by Illinois law.

2. The elements of tortious interference with contract under Illinois law are:  (a) the existence of a valid and enforceable contract between plaintiff and a third party; (b) defendant's awareness of such contractual relationship; (c) defendant's unjustified and intentional inducement of a breach of the contract; (d) subsequent breach of the contract by the third party; and (e) damages.  *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 676 (Ill. 1989).

3. While Plaintiff presented evidence that a contract existed between Plaintiff and Gaming Partners, and Plaintiff further presented some evidence that Guilford Mills was aware of such contract, Plaintiff failed to present any evidence that Guilford Mills acted in any way to induce Gaming Partners to breach such contract.

4. Given the absence of evidence that Guilford Mills induced Gaming Partners to breach its contract with Plaintiff, dismissal of Guilford Mills as to Count IV of the Third Amended Complaint and, by effect, this case is appropriate.

**CONCLUSION**

For the foregoing reasons, the Court, as previously stated on the record on March 23, 2010, **DISMISSES Count IV of the Third Amended Complaint, alleging tortious interference with a business/contractual relationship, with prejudice**. Subsequently, the Court **DISMISSES** Guilford Mills from this matter **with prejudice**. Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case.[1]

**IT IS SO ORDERED**
Dated: April 12, 2010

s/ J. Phil Gilbert
**J. PHIL GILBERT
DISTRICT JUDGE**

---

[1] The final judgment of this Court will be entered upon receipt of a stipulation of dismissal or other formal notice of consummation of settlement between Plaintiff and Gaming Partners.